CV13-2171

BRODIE, J.
SCANLON, M.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

JAMES TINDAL,

                   Plaintiff,

          -against-

CITY OF NEW YORK; Police Officer RICHARD HOLLAND, Shield No. 28745; Police Officer MARK KOSTA, Shield No. 3138; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                   Defendants.
-------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff James Tindal ("plaintiff" or "Mr. Tindal") is a resident of Kings County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant Police Officer Richard Holland, Shield No. 28745 ("Holland"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Holland is sued in his individual and official capacities.

10. Defendant Police Officer Mark Kosta, Shield No. 3138 ("Kosta"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Kosta is sued in his individual and official capacities.

11. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not

know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

12. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14. At approximately 8:00 p.m. on February 22, 2013, plaintiff lawfully within the vicinity of Greene Avenue and Grand Avenue in Brooklyn, New York.

15. Several New York City Police Officers, including defendant Kosta, stopped plaintiff.

16. The officers informed plaintiff that he was a suspect in a robbery and began to question him.

17. Plaintiff denied that he was involved in a robbery, or any illegal activity.

18. Despite the fact that they had no probable cause to believe that plaintiff had committed any crime or offense, the defendants placed plaintiff under arrest.

19. The defendants transported plaintiff to the 88th precinct.

20. Once at the precinct, defendant Kosta and several other New York City

Police Officers questioned plaintiff for a prolonged period of time.

21. At the precinct the officers, including defendant Kosta, falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff commit crimes and offenses

22. At no point did the officers observe plaintiff commit any crimes or offenses.

23. The officers then issued plaintiff four summonses which were assigned the following document numbers:

- A) Summons No.: 4334973371; Docket No.: 2013SK034065 - *Littering Prohibited*

- B) Summons No.: 4334973243 ; Docket No.: 2013SK034047 – *Disorderly Conduct*

- C) Summons No.: 4334973231; Docket No.: 2013SK034042 – *Trespass*

- D) Summons No: 4334973220; Docket No.: 2013SK033997 - *Entering Roadway Against Signal*

24. After he was issued the summonses, the officers released plaintiff from the precinct.

25. As plaintiff was exiting the 88th precinct, three New York City Police Officers including defendant Holland approached plaintiff.

26. The officers demanded to see plaintiff's identification.

27. Plaintiff produced his identification and the officers immediately placed him under arrest despite the fact that they had no probable cause to do so.

28. Plaintiff was returned to the 88th precinct.

29. At the precinct the officers, including defendant Holland, falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff in a park after dark and resisting arrest.

30. At no point did the officers observe plaintiff commit any crimes or offenses.

31. From the precinct, plaintiff was taken to Brooklyn Central Booking.

32. On February 23, 2013, plaintiff was arraigned in Kings County Criminal Court under docket number 2013KN013975, where the criminal charges were adjourned in contemplation of dismissal.

33. After approximately twenty-four hours in custody, plaintiff was released.

34. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

35. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

36. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

37. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

40. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

43. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

44. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

46. Plaintiff was conscious of his confinement.

47. Plaintiff did not consent to his confinement.

48. Plaintiff's confinement was not otherwise privileged.

49. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

50. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

51. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52. The individual defendants created false evidence against Plaintiff.

53. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

54. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's

constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

55. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Malicious Abuse Of Process

56. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

57. The individual defendants issued legal process to place Plaintiff under arrest.

58. The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their false arrest(s) of him.

59. The individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

60. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
## Negligent Hiring/Training/Retention

61. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

62. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

63. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

64. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

65. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

66. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **SEVENTH CLAIM**
### First Amendment Retaliation

67. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

68. By their conduct, as described herein, and acting under color of state law to deprive the plaintiff of his right to freedom of speech under the First and Fourteenth Amendments, the individual defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution. The individual defendants have violated plaintiff's First Amendment rights to speech by unlawfully denying his right to speak freely by subjecting him to false arrest to deter the exercise of his First Amendment rights. Defendants' actions were taken in retaliation for plaintiff's exercising his First Amendment rights.

69. As a consequence of the individual defendants' actions, plaintiff has suffered violations of his First and Fourteenth Amendment rights to free speech. Plaintiff has fear and apprehension that he will, again, be subject to similar unlawful acts by defendants done for the purpose of limiting and preventing his First Amendment-protected activities.

70. As a direct and proximate result of the individual defendants' unlawful actions, plaintiff has suffered damages including, physical, mental and emotional

injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## EIGHTH CLAIM
### Failure To Intervene

71. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

72. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

73. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

74. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   April 10, 2013
         New York, New York

Robert Marinelli
299 Broadway, 15th Floor
New York, New York 10007
(212) 822-1427

*Attorney for plaintiff*